```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

JOHN DOE and JANE DOE,            )
individually and as               )
parents and next friends          )
of J.D.,                          )
          Plaintiffs              )
                                  )
     v.                           )  C.A. No. 10-cv-30081-MAP
                                  )
THE WILLISTON NORTHAMPTON         )
SCHOOL, ET AL.,                   )
          Defendants              )


          **MEMORANDUM AND ORDER REGARDING**
     **DEFENDANTS' MOTION TO DISMISS COUNT EIGHT AND**
      **PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS**
                  (Dkt. Nos. 42 & 56)

                   February 28, 2011

PONSOR, D.J.

                    I. <u>INTRODUCTION</u>

     This case involves allegations of sexual harassment and

an alleged sexual assault against Plaintiff J.D., a minor,

by her former high school teacher, Defendant Dennis P. Ryan.

Presently before this court are Defendants' Motion to

Dismiss Count 8 for Lack of Subject Matter Jurisdiction

(Dkt. No. 42) and Plaintiffs' Motion to Dismiss

Counterclaims (Dkt. No. 56).  For the reasons stated below,

Defendants' Motion will be denied, and Plaintiffs' motion will be allowed.

## II. FACTS

A. The Parties.

Minor Plaintiff, J.D., is sixteen years old and was a tenth grade student at The Williston Northampton School ("Defendant Williston") during the 2008-2009 academic year. Plaintiffs John Doe and Jane Doe are J.D.'s parents. All Plaintiffs are citizens of West Virginia.

Defendant Williston is a co-educational boarding school located in Easthampton, Massachusetts and organized under the laws of the Commonwealth of Massachusetts. Defendant Ryan was a faculty member at Williston during the time in question and has since relocated to Colorado. Defendants Wright, Ketcham, and Johnson are administrators at Williston. Defendant Johnson is Williston's school psychologist.

B. The Allegations.

Plaintiffs allege that, beginning in early 2008, J.D. was subjected to repeated sexual advances, including suggestive text messages, by Defendant Ryan, who was then

employed as a biology teacher at Williston.  These alleged sexual advances culminated in a physical confrontation in Defendant Ryan's on-campus apartment on May 14, 2009, in which J.D. alleges that she repelled a sexual assault by Defendant Ryan.  Defendant Ryan denies ever sexually harassing or assaulting J.D.

Plaintiffs further allege that J.D. reported this abuse to several administrators at Williston in the days following the May 14 confrontation and that they dismissed the reports as unfounded.  On May 26, 2009, J.D. took a medical leave from Williston and never returned.

On March 10, 2010, Plaintiffs filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD").  On October 20, Plaintiffs filed a complaint in this court and later filed a Second Amended Complaint, which contains nine counts alleging various violations of state statutory and common law.

### III. DISCUSSION

A. Legal Standard

A complaint is subject to dismissal under Rule 12(b)(6) if, after accepting all well-pleaded facts as true and

drawing all reasonable inferences in favor of a plaintiff, the court determines that it "fails to state a claim upon which relief can be granted." Edes v. Verizon Commc'ns, Inc., 417 F.3d 133, 137 (1st Cir. 2005); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to state a claim to relief that is both actionable as a matter of law and "'plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

B. <u>Defendants' Motion to Dismiss Count 8 for Lack of Subject Matter Jurisdiction (Dkt. No. 42)</u>.

Defendants move to dismiss Count 8, which alleges a violation of Mass. Gen. Laws ch. 151C, § 2(g). Defendants cite Fed. R. Civ. P. 12(b)(1), which provides for dismissal

based on lack of subject matter jurisdiction, but, as Plaintiffs note, the motion appears to be incorrectly labeled. It appears undisputed that the court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Because this motion argues that Plaintiffs have failed to state a claim in Count 8, the court will assume that Defendants intended to move (and are moving) to dismiss the Count pursuant to Fed. R. Civ. P. 12(b)(6). Despite this reading, the court will deny the motion.

The relevant statute, Mass. Gen. Laws ch. 151C, § 2(g), reads as follows: "It shall be an unfair educational practice for an educational institution -- To sexually harass students in any program or course of study in any educational institution." Defendants argue that only students seeking admission to an educational institution or enrolled in a vocational school, _not_ those enrolled in a non-vocational school, can seek redress under this statute. In support, Defendants cite § 3(a) of the same chapter, which reads as follows:

> Any person seeking admission as a student to any
> educational institution, or enrolled as a student
> in a vocational training institution, who claims

> to be aggrieved by an alleged unfair educational practice may . . . make, sign and file with the commission a verified petition . . . .

Mass. Gen. Laws ch. 151C, § 3(a). Given that § 3(a) only applies to prospective students and students attending vocational schools, Defendants contend that the rest of the statute, including § 2(g), is limited to students who fall into these categories. Thus, they reason, because Plaintiff J.D. attended a private high school, she cannot bring a claim under § 2(g). This argument is unpersuasive for several reasons.

First, putting aside the curious distinction made in § 3(a) between students attending vocational schools and all other students, the plain language of § 2(g) states that the provision applies to students "in <u>any</u> program or course of study in <u>any</u> educational institution." Mass. Gen. Laws ch. 151C, § 2(g) (emphasis added). "When a statute is plain and unambiguous, [courts must] interpret it according to its ordinary meaning." <u>Commonwealth v. Russ R.</u>, 744 N.E.2d 39, 43 (Mass. 2001). The word "any" means without limitation or "indiscriminately of whatever kind." <u>Merriam-Webster</u> (2011). The breadth of this language is particularly

6

striking when juxtaposed against the more limited provisions of § 2. See, e.g., Mass. Gen. Laws ch. 151C, § 2(a) (making it unlawful "to exclude or limit or otherwise discriminate against any United States citizen or citizens <u>seeking admission</u> as students to such institution") (emphasis added).

Second, construing § 3(a) to conflict with § 2 is a disfavored method of construction; conflicts of this kind are to be avoided if possible. See Bd. of Educ. v. Assessor of Worcester, 333 N.E.2d 450, 452 (Mass. 1975) ("Where two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose."). Moreover, the interpretation urged by Defendants would violate the familiar maxim that all words in a statute should be given meaning, because it would render the word "any" meaningless and superfluous. See Commonwealth v. Disler, 884 N.E.2d 500, 510 (Mass. 2008) ("Every word in a statute should be given meaning, and no word is considered superfluous.") (internal citation and quotation marks omitted).

Third, "the Legislature is presumed to be aware of existing statutes when it amends a statute or enacts a new one." Russ R., 744 at 43. Because § 2(g) was enacted after § 3(a), this court must presume that the legislature was aware of § 3(a) and did not intend for the two provisions to conflict.

Fourth, and finally, there is no indication, in statutory history or existing case law, that § 3(a) was meant to impose a substantive limitation on the rest of the statute. Section 3(a) does not purport to define "unfair practices" or "sexual harassment," but rather sets forth <u>procedural</u> limitations governing the filing of petitions with MCAD. In fact, other courts have allowed plaintiffs attending non-vocational schools to bring sexual harassment claims under § 2(g), thus implicitly recognizing that the substantive limitation urged by Defendants does not exist. See, e.g., Morrison v. Northern Essex Comm. Coll., 780 N.E.2d 132, 135 (Mass. App. Ct. 2002) (acknowledging that students attending community college could bring claim under § 2(g)); Bloomer v. Becker Coll., No. 09-cv-11342-FDS, 2010 WL3221969, at *6 (D. Mass. Aug. 13, 2010) (acknowledging

8

that plaintiff attending private college could bring claim under § 2(g) and stating that § 3(a) was simply inapplicable). But see Shervin v. Partners Healthcare Sys., Inc., No. 10-cv-10601-RWZ, 2010 WL 5185384 (D. Mass. Dec. 15, 2010) ("The 151C private right of action extends only to 'any person seeking admission as a student to any educational institution, or enrolled as a student in a vocational training institution.'") (quoting Mass. Gen. Laws ch. 151C, § 3). For the foregoing reasons, Defendants' motion to dismiss will be denied.

C. <u>Plaintiffs' Motion to Dismiss Counterclaims (Dkt. No. 56)</u>.

Plaintiffs have moved to dismiss Defendant Ryan's counterclaims for failure to prosecute under Rule 41(b), or, alternatively, to strike those counterclaims under Rule 12(f). Defendant Ryan pled, in response to Plaintiffs' original complaint, counterclaims for defamation, malicious interference with a contractual relationship, and breach of contract. When Plaintiffs filed their First Amended Complaint, however, Defendant Ryan did not reassert those

counterclaims, nor did he do so in response to Plaintiff's Second Amended Complaint.

An amended pleading takes precedence over an earlier pleading. See Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 2010) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."). Because Defendant Ryan failed to reassert any counterclaims in his answers to the first and second amended complaints, it would be possible to conclude that the counterclaims have simply vanished from the currently operative pleadings, and no need therefore exists to dismiss them. To ensure no uncertainty, however, Plaintiffs' motion to dismiss will be allowed. Thus, whether by failure to re-plead, or by operation of the court's dismissal, no counterclaims remain in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count 8 for Lack of Subject Matter Jurisdiction (Dkt. No. 42) is hereby DENIED, and Plaintiffs' Motion to Dismiss Counterclaims (Dkt. No. 56) is hereby ALLOWED.

It is So Ordered.

                                      <u>**/s/ Michael A. Ponsor**</u>
                                      MICHAEL A. PONSOR
                                      U. S. District Judge